# CIVIL COVER SHEET

JS 44 - CAND (Rev. 11/04)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I. (a) PLAINTIFFS
FIREMAN'S FUND INSURANCE COMPANY,

## DEFENDANTS
DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY and DOES 1 through 10

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Marin County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
KENNEY & MARKOWITZ L.L.P.
255 California Street
Suite 1300
San Francisco, CA 94111
415.397.3100

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For diversity cases only)
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

BY FAX

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- [X] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- [ ] 362 Personal Injury Med Malpractice
- [ ] 365 Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth In Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights
- [ ] 445 Amer w/ disab - Empl
- [ ] 446 Amer w/ disab - Other

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt Relations
- [ ] 730 Labor/Mgmt Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (US Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## VI. CAUSE OF ACTION
(CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 732,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AN "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE June ___, 2008    SIGNATURE OF ATTORNEY OF RECORD    DAVID W. GORDON

NDC-JS44

DAVID W. GORDON (SBN 71003)
KENNEY & MARKOWITZ L.L.P.
255 California Street, Suite 1300
San Francisco, CA 94111
Telephone: (415) 397-3100
Facsimile: (415) 397-3170

Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY

FILED
08 JUN 25 PM 3:36

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FIREMAN'S FUND INSURANCE COMPANY,

    Plaintiff,

v.

DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY,

    Defendant.

CASE NO. CV 08 3079 BZ

**COMPLAINT FOR CONTRIBUTION, SUBROGATION, INDEMNITY AND DECLARATORY RELIEF**

BY FAX

**PLAINTIFF FIREMAN'S FUND INSURANCE COMPANY ALLEGES AS FOLLOWS:**

**THE PARTIES**

1. Plaintiff Fireman's Fund Insurance Company ("Fireman's Fund") is now and at all times mentioned in this complaint has been a corporation licensed to do business in the State of California.

2. Defendant Discover Property & Casualty Insurance Company ("Discover") is now and at all times mentioned in this complaint has been an insurer licensed to do business in the State of California.

Kenney & Markowitz L.L.P.

## JURISDICTION AND VENUE

3. Fireman's Fund is a corporation organized under the laws of the State of California, having its principal place of business in Novato, California.

4. Discover is a corporation incorporated under the laws of the State of Illinois, having its principal place of business in Chicago, Illinois.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332 in that the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Personal jurisdiction over Discover exists in this Court on the basis that Discover is licensed to do business in the State of California, including in the Northern District of California.

7. Venue is proper in this district under 28 U.S.C. §1391(c) in that Discover is deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## GENERAL ALLEGATIONS

8. On or about June 26, 2004, Margaret Melhado ("Melhado") sustained personal injuries when she fell while attempting to attend a book signing event sponsored by Esowon Books, Inc. ("Esowon") involving former president Bill Clinton's appearance at Esowon's Los Angeles, California store. Esowon's Los Angeles store is in a strip mall owned by Baldwin Hills Investors, Ltd. ("Baldwin Hills").

9. On February 24, 2006, Melhado filed a complaint for damages in the Superior Court of the State of California for the County of Los Angeles, Case No. BC327107, naming Baldwin Hills, Esowon and others as defendants. This action is referred to hereafter as "the *Melhado* action."

10. Baldwin Hills and Esowon were parties to a lease ("the Lease"), which was in effect on June 26, 2004. In the Lease, Esowon agreed to defend, indemnify and hold harmless Baldwin Hills against any and all claims arising out of Esowon's use of the premises and from any activity permitted by Esowon. Esowon also agreed in the Lease to name Baldwin Hills as an additional insured under its commercial general liability ("CGL") insurance policy issued by Discover, Policy No. D 177 B00604. The Lease provided, inter alia:

**16. HOLD HARMLESS AND INDEMNITY.** Tenant shall hold Landlord harmless and indemnified at all times against any claims, loss, damages, cost or expense, including reasonable attorneys' fees, by reason of Tenant's failure to perform any obligation to be performed by Tenant under the terms of this Lease or from Tenant's use of the demised premises <u>or from any activity</u>, work or things done or permitted by Tenant, its contractors, agents, employees, licensees or invitees <u>in or about the demised premises</u> or elsewhere. Tenant covenants and agrees that in case Landlord shall without fault on its part be made a party to any litigation commenced by or against Tenant, then Tenant shall pay all costs and expenses, including attorneys' fees, incurred by or imposed on Landlord by or in connection with such litigation, and also shall pay all costs and expenses, including attorneys' fees, which may be incurred by Landlord in enforcing any of the covenants and agreements of this Lease, and all such costs, expenses and attorneys' fees shall, if paid by Landlord herein, be so much additional rent due on the next rent date after such payment or payments. (Emphasis added.)

11. Fireman's Fund issued to Baldwin Hills as a named insured CGL Policy No. MZX 80819489, effective from October 1, 2003, to October 1, 2004 ("the Fireman's Fund policy"). Under the terms of the Fireman's Fund policy, Fireman's Fund was to provide Baldwin Hills with a defense and indemnification against certain liability suits, subject to the policy terms, conditions and exclusions and subject to other insurance.

12. At all relevant times, Esowon was insured under a CGL policy, Discover Policy No. D 177 B00604 ("the Discover policy"). Pursuant to the Lease, the Discover policy named Baldwin Hills as an additional insured. Under the terms of the Discover policy, Discover was required to provide Baldwin Hills with a defense and indemnification in the *Melhado* action.

13. The Discover policy also included contractual liability coverage for Esowon's obligations under the Lease to defend, indemnify and hold harmless Baldwin Hills.

14. Melhado's accident and personal injuries were sustained while the Discover policy was in effect.

15. Discover was aware of and had notice of the pendency of the *Melhado* action. Fireman's Fund tendered the defense and indemnification of Baldwin Hills in the *Melhado* action to Discover.

16. Discover refused to defend or indemnify Baldwin Hills in the *Melhado* action.

17. Fireman's Fund provided Baldwin Hills with a defense and indemnity in the *Melhado* action. Fireman's Fund paid $700,000 in settlement of the *Melhado* action and paid over

{60013.601161 0125438.DOC}   -3-
COMPLAINT
CASE NO:

Kenney & Markowitz L.L.P.

$32,000 to defend that action.

## FIRST CLAIM FOR RELIEF

### (Equitable Subrogation)

18. Fireman's Fund realleges Paragraphs 1 through 17 of this complaint inclusive, and incorporates those paragraphs by reference as though fully set forth in this claim for relief.

19. The coverage provided to Baldwin Hills under Discover's policy and certificate of insurance is primary to the coverage provided Baldwin Hills under the Fireman's Fund policy.

20. Discover refused to participate in Baldwin Hills' defense of the *Melhado* action and refused to indemnify Baldwin Hills for the settlement in that action.

21. Because of Discover's conduct, Fireman's Fund was required to defend and indemnify Baldwin Hills, and thereby incurred costs in defending and settling the *Melhado* action.

22. Discover is solely responsible for those costs of defense of the *Melhado* action that were paid by Fireman's Fund and for the settlement of the *Melhado* action.

## SECOND CLAIM FOR RELIEF

### (Equitable Contribution)

23. Fireman's Fund realleges Paragraphs 1 through 17 of this complaint, inclusive and incorporate those paragraphs by reference as though fully set forth in this claim for relief.

24. This claim for equitable contribution is pleaded in the alternative to the claim for equitable subrogation.

25. Fireman's Fund and Discover provide coverage each as a proportionate share for the liability of Baldwin Hills in the *Melhado* action.

26. As co-insurers, the cost of defending Baldwin Hills against the *Melhado* action and the cost of settling the *Melhado* action should be borne by each insurer proportionately.

27. Discover should be required to reimburse Fireman's Fund for its proportionate share of the *Melhado* settlement and its proportionate share of the defense fees and costs expended by Fireman's Fund in the *Melhado* action.

Kenney & Markowitz L.L.P.

{60013.601161 0125438.DOC}  -4-
COMPLAINT
CASE NO:

### THIRD CLAIM FOR RELIEF

### (Indemnity)

28. Fireman's Fund realleges Paragraphs 1 through 17 of this complaint, inclusive and incorporates those paragraphs by reference as though fully set forth in this claim for relief.

29. Discover has and had an obligation to defend and indemnify Baldwin Hills in the *Melhado* action.

30. Discover failed to defend and indemnify Baldwin Hills in the *Melhado* action.

31. Because of Discover's conduct, Fireman's Fund was required to defend and indemnify Baldwin Hills in the *Melhado* action.

32. Fireman's Fund paid $700,000 to settle the *Melhado* action and paid additional sums to defend Baldwin Hills in that action.

### FOURTH CLAIM FOR RELIEF

### (Declaratory Relief)

33. Fireman's Fund realleges Paragraphs 1 through 17 of this complaint, inclusive and incorporates those paragraphs by reference as though fully set forth in this claim for relief.

34. An actual controversy has arisen and now exists between Fireman's Fund on the one hand and Discover on the other hand regarding whether Discover had and has any duties to defend Baldwin Hills and indemnify Baldwin Hills for all or any portion of the settlement in the *Melhado* action. Specifically, and without limitation, Fireman's Fund contends that Discover had a duty to defend and indemnify Baldwin Hills in the *Melhado* action, and that Discover's defense and indemnity obligations arise out of the Discover policy, the certificate of insurance and the Lease between Baldwin Hills and Esowon. Discover disputes these contentions and contends that it had and has no obligation to defend and indemnify Baldwin Hills in the *Melhado* action.

35. Fireman's Fund therefore seeks a judicial determination of the parties' respective rights and obligations under the Fireman's Fund policy, under the Discover policy and certificate of insurance, and under the Lease between Baldwin Hills and Esowon.

36. Fireman's Fund seeks a judicial determination that Discover has a duty to pay all of the defense fees and costs paid by Fireman's Fund in the *Melhado* action and that Discover has a

Kenney & Markowitz L.L.P.

{60013.601161 0125438.DOC}   -5-
COMPLAINT
CASE NO:

duty to pay the $700,000 settlement in the *Melhado* action. Alternatively, Fireman's Fund seeks a judicial determination that Discover has a duty to pay its proportionate share of the defense fees and costs in the *Melhado* action and that Discover has a duty to pay its proportionate share of the $700,000 *Melhado* settlement.

### PRAYER FOR RELIEF

Wherefore, Fireman's Fund demands judgment against Discover as follows:

1. On the First Claim for Relief:

   (a) For the entire cost of settling the *Melhado* action, in the amount of $700,000;

   (b) For the cost of defending Baldwin Hills in the *Melhado* action according to proof;

   (c) For interest, at a legal rate, on the amounts expended by Fireman's Fund in defending and settling the *Melhado* action;

   (d) For costs of suit; and

   (e) For other relief that the Court deems proper.

2. On the Second Claim for Relief:

   (a) For Discover's proportionate share of the settlement in the *Melhado* action according to proof;

   (b) For Discover's proportionate share of the costs of defending Baldwin Hills in the *Melhado* action according to proof;

   (c) For interest, at a legal rate, on the amounts Discover owes Fireman's Fund for defending and settling the *Melhado* action;

   (d) For costs of suit; and

   (e) For other relief that the Court deems proper.

3. On the Third Claim for Relief:

   (a) For the entire cost of settling the *Melhado* action in the amount of $700,000;

   (b) For the cost of defending Baldwin Hills in the *Melhado* action according to

{60013.601161 0125438.DOC}    -6-
COMPLAINT
CASE NO:

1                 proof;

2-3     (c) For interest, at the legal rate, on the amounts expended by Fireman's Fund in defending and settling the *Melhado* action;

4     (d) For costs of suit; and

5     (e) For other relief that the Court deems proper.

6     4. On the Fourth Claim for Relief:

7-11     (a) For a judicial declaration of the respective rights and obligations of Fireman's Fund and Discover under the Fireman's Fund policy, the Discover policy and certificate of insurance and the Lease, including a declaration that Discover had an obligation to defend and indemnify Baldwin Hills with respect to the *Melhado* action.

12     (b) For costs of suit; and

13     (c) For other relief that the Court deems proper.

DATED: June __, 2006

**KENNEY & MARKOWITZ L.L.P**

By:_____
DAVID W. GORDON
ELIZABETH L. DOLTER
Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY

{60013.60116! 0125438.DOC}

-7-

COMPLAINT
CASE NO:

## DEMAND FOR JURY TRIAL

Fireman's Fund hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: June 25, 2006

KENNEY & MARKOWITZ L.L.P

By: /s/ David W. Gordon
DAVID W. GORDON
Attorneys for Plaintiff
FIREMAN'S FUND INSURANCE COMPANY