CHAPMAN, POPIK & WHITE, LLP
Renee C. Callantine, State Bar No. 155991
Jonathan Gregory, State Bar No. 215003
650 California Street, 19th Floor
San Francisco, CA 94108
Telephone: (415) 352-3000
Facsimile: (415) 352-3030

Attorneys for Defendant
DISCOVER PROPERTY & CASUALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>            Defendant. | No. 3:08-cv-03079-WHA<br><br>DEFENDANT DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT FOR CONTRIBUTION, SUBROGATION, INDEMNITY AND DECLARATORY RELIEF<br><br>[JURY TRIAL DEMANDED] |

Defendant Discover Property & Casualty Insurance Company ("Discover") answers Plaintiff's complaint ("Complaint") as follows:

### THE PARTIES

In response to the numbered paragraphs of the Complaint, Discover answers as follows:

1. Discover lacks knowledge and information sufficient to respond to paragraph one of the Complaint and, on that basis, denies such allegations.

2. Discover admits to the allegations of paragraph two of the Complaint.

### JURISDICTION AND VENUE

3. Discover lacks knowledge and information sufficient to respond to paragraph three

1

of the Complaint and, on that basis, denies such allegations.

4. Discover admits to the allegations in paragraph four of the Complaint.

5. Discover admits to the allegations in paragraph five of the Complaint.

6. Discover admits to the allegations in paragraph six of the Complaint.

7. Discover admits to the allegations in paragraph seven of the Complaint.

## GENERAL ALLEGATIONS

8. Discover admits that on or about June 26, 2004, Esowon Books, Inc. ("Esowon") sponsored a book-signing event involving former president Bill Clinton's appearance at Esowon's Los Angeles, California store. Discover admits that on the same date, Esowon's Los Angeles store was located in a shopping center at 3655 South La Brea Avenue. Discover lacks knowledge and information sufficient to respond to the remaining allegations in paragraph eight of the Complaint and, on that basis, denies such allegations.

9. Discover admits that on February 24, 2006, Margaret Melhado ("Melhado") filed a Complaint for damages in the Superior Court of the State of California for the County of Los Angeles, Case No. BC327107 (the "*Melhado* action"). Except as specifically admitted, Discover denies the remaining allegations in paragraph nine of the Complaint.

10. In response to paragraph 10 of the Complaint, Discover is informed and believes and, on that basis, admits that Baldwin Hills Investors, Ltd. ("Baldwin Hills") and Esowon were parties to a lease ("the Lease"), which was in effect on June 26, 2004. Discover is informed and believes and, on that basis, admits that Esowon agreed in the Lease to name Baldwin Hills as an additional insured under its commercial general liability ("CGL") insurance policy issued by Discover, Policy No. D 177 B00604 ("Discover Policy"). Discover is informed and believes and, on that basis, admits that the Lease contains the provision recited on Page 3, lines 1 through 10. Discover denies the remaining allegations in paragraph 10 of the Complaint.

11. Discover lacks knowledge and information sufficient to respond to the allegations in paragraph 11 of the Complaint and, on that basis, denies such allegations.

12. Answering paragraph 12 of the Complaint, Discover admits that Esowon was an insured under the Discover Policy. Discover further admits that the Discover Policy named

Baldwin Hills as an additional insured. Except as specifically admitted, Discover denies the remaining allegations in paragraph 12 of the Complaint.

13. Discover denies the allegations in paragraph 13 of the Complaint.

14. Discover lacks knowledge and information sufficient to respond to paragraph 14 of the Complaint and, on that basis, denies such allegations.

15. Answering paragraph 15 of the Complaint, Discover admits that at some point in time it became aware of the *Melhado* action. Discover denies that Fireman's Fund tendered defense and indemnification of Baldwin Hills to Discovery at any time during the pendancy of the *Melhado* action.

16. Discover admits that it has refused to contribute to the settlement or defense fees incurred on behalf of Baldwin Hills in the *Malhado* action. Except as specifically admitted, Discover denies the remaining allegations in paragraph 16 of the Complaint.

17. Discover lacks knowledge and information sufficient to respond to paragraph 17 of the Complaint and, on that basis, denies such allegations.

### FIRST CLAIM FOR RELIEF

#### (Equitable Subrogation)

18. Discover realleges and incorporates its responses to paragraphs 1 through 17 of the Complaint.

19. Discover denies the allegations in paragraph 19 of the Complaint.

20. Discover admits that it has refused to contribute to the settlement or defense fees incurred on behalf of Baldwin Hills in the *Malhado* action. Except as specifically admitted, Discover denies the remaining allegations in paragraph 20 of the Complaint.

21. Discover denies the allegations in paragraph 21 of the Complaint.

22. Discover denies the allegations in paragraph 22 of the Complaint.

### SECOND CLAIM FOR RELIEF

#### (Equitable Contribution)

23. Discover realleges and incorporates its responses paragraphs 1 through 17 of the Complaint.

No. 3:08-cv-03079-WHA   ANSWER TO COMPLAINT

24. Discover lacks knowledge and information sufficient to respond to paragraph 24 of the Complaint and, on that basis, denies such allegations.

25. Discover denies the allegations in paragraph 25 of the Complaint.

26. Discover denies the allegations in paragraph 26 of the Complaint.

27. Discover denies the allegations in paragraph 27 of the Complaint.

### THIRD CLAIM FOR RELIEF

### (Indemnity)

28. Discover realleges and incorporates its responses to paragraphs 1 through 17 of the Complaint.

29. Discover denies the allegations in paragraph 29 of the Complaint.

30. Discover admits that it has not contributed to the settlement or defense fees incurred on behalf of Baldwin Hills in the *Malhado* action. Except as specifically admitted, Discover denies the remaining allegations in paragraph 30 of the Complaint.

31. Discover denies the allegations in paragraph 31 of the Complaint.

32. Discover lacks knowledge and information sufficient to respond to paragraph 32 of the Complaint and, on that basis, denies such allegations.

### FOURTH CLAIM FOR RELIEF

### (Declaratory Relief)

33. Discover realleges and incorporates its responses to paragraphs 1 through 17 of the Complaint.

34. Discover admits that it contends that it has no obligation to defend and indemnify Baldwin Hills in the *Melhado* action. Discovery lacks knowledge and information sufficient to respond to the remaining allegations in paragraph 34 of the Complaint and, on that basis, denies such allegations.

35. Discover lacks knowledge and information sufficient to respond to paragraph 35 of the Complaint and, on that basis, denies such allegations.

36. Discover lacks knowledge and information sufficient to respond to paragraph 36 of the Complaint and, on that basis, denies such allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Cause of Action)

Plaintiff's Complaint and each alleged cause of action does not state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiff failed to mitigate or avoid the damages alleged and its recovery, if any, should therefore be reduced by such amounts as could and should have been mitigated or avoided.

### THIRD AFFIRMATIVE DEFENSE

(Statutes of Limitations)

Plaintiff's Complaint and each alleged cause of action are barred by all applicable statutes of limitation, including but not limited to Code of Civil Procedure sections 338 and 339.

### FOURTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiff's Complaint and each cause of action are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff is estopped by its conduct and representations from recovering on its purported claim against Discover.

### SIXTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff is barred from recovery by the doctrine of waiver in that Plaintiff voluntarily relinquished the purported right upon which it seeks to recover against Discover.

///

///

///

## SEVENTH AFFIRMATIVE DEFENSE

(Policy Exclusion)

The Discover Policy issued to Esowon, under which Plaintiff claims it is entitled to recover in this action by way of the fact that it is an additional insured listed under the Discover Policy, contains the following exclusion:

> ADDITIONAL INSURED – MANAGERS OR LESSORS OF PREMISES
> 
> [...]
> 
> **Designation of Premises (Part Leased To You):**
> 3655 S. LABREA AVENUE, LOS ANGELES, CA 90016
> **Name of Person or Organization (Additional Insured):**
> BALDWIN HILLS INVESTORS,
> LTD FORSAT, INC., ANGEL CITY WEST
> [...]
> 
> A. The following is added to Paragraph **C. Who is An Insured** in **Section II – Liability:**
> 
>  4. The person or organization shown in the Schedule is also an insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.
> 
> B. The following exclusions are added to **Section II – Liability:**
> 
>  This insurance does not apply to:
> 
>  [...]
> 
>  2. Structural alterations, new construction or demolition operations performed by or for the person or organization designated in the Schedule.

The abovequoted limitation on coverage and exclusion bar Plaintiff's recovery in this action.

## EIGHTH AFFIRMATIVE DEFENSE

(Absence of Contractual Liability)

Discover has no contractual duty to pay the damages to Plaintiff because Esowon is not legally liable for those damages as required to trigger coverage under the Discover Policy.

///

///

///

WHEREFORE, Discover prays for judgment against Plaintiff:

1. Dismissing Plaintiff's Complaint and the causes of action alleged therein;

2. Awarding Discover its attorneys' fees and costs of suit; and

3. Granting such further relief as may be appropriate.

Discover hereby demands trial by jury.

Dated: August 18, 2008                    CHAPMAN POPIK & WHITE LLP

                                          By: _____/s/_____
                                              Renee Callantine
                                              Attorneys for Defendant

---

No. 3:08-cv-03079-WHA    ANSWER TO COMPLAINT